STATE *ex rel.* HOWARD LEE *v.* C. A. CONLEY, *Sheriff, Etc.*

(No. 7159)

Submitted September 2, 1931. Decided September 8, 1931.

*J. Raymond Gordon,* for petitioner.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for respondent.

LIVELY, JUDGE:

Howard Lee avers that he is illegally detained by the sheriff and jailer of Fayette County and seeks discharge from custody by the writ of habeas corpus.

He was convicted of a violation of the prohibition law and sentenced to confinement in the jail of Fayette County for a period of 30 days and to pay a fine of $100.00, and costs

amounting to $37.50, on June 19, 1931, by justice of the peace Landers of that county. By his petition filed with this Court September 2, 1931, he alleges that he has served his sentence of 30 days and cannot be held longer than ten days beyond the expiration of that sentence because of non-payment of the fine of $100.00 and costs, which time (ten days) has·expired; basing his right to discharge on chap. 50, art. 18, sec. 9 of the Official Code of 1931, which reads: "When a fine is imposed, whether with or without imprisonment, * * * the justice, if he see fit, may adjudge the offender to be imprisoned until such fine and all the costs are paid, but not exceeding ten days for that cause; and, if fine and imprisonment be imposed, the offender may be imprisoned for not exceeding ten days on account of the non-payment of the fine and costs, in addition to the term of imprisonment imposed for the offense. * * * Provided, however, that when ever any able-bodied male person over the age of sixteen years shall be sentenced to imprisonment in the county jail, such sentence shall conform to the provisions of article fifteen, chapter seventeen of this Code."

The article referred to in the above quotation of the pertinent part of chap. 50, art. 18, sec. 9, is contained in the chapter relating to roads and highways, and article fifteen thereof, relates to the county convict road force. It reads: (sec. 1)

"Whenever any able-bodied male person over the age of sixteen years shall be convicted of an offense punishable with confinement in the county jail, before any court or justice of the peace, and sentenced by such court or justice to imprisonment in the county jail and to pay a fine and costs, he shall be sentenced by such court or justice of the peace to labor on the county-district roads of the county, or to labor in quarries or elsewhere in the preparation of materials for county-district roads, or both, under the direction of the county road engineer, or other representative of the county court having such work in charge, during the time of such imprisonment and until such fine and costs are satisfied."

The legislative intention is reasonably clear that whenever an able-bodied male person over the age of sixteen years

should be sentenced to confinement in the county jail, he should work on the roads in order to satisfy his fine and the costs, if a fine be added to the sentence. Cases of imprisonment in the county pail may arise, where the ten-day period contained in sec. 9, art. 18, chap. 50, above quoted, would govern. A female person, or male person under the age of sixteen years could not be required to work on the roads, and therefore would not be governed by the proviso. But here we have in the person of the applicant, an able-bodied male person over the age of sixteen years who, under the express words of the statute, is required to labor on the roads until his fine and costs are paid, he having been sentenced to confinement and to pay a fine and costs. The sheriff, in his return, says that he is in lawful custody of the applicant by virtue of the judgment, sentence and mittimus of justice Landers, and that the prisoner has been and is now being worked on the county-district roads in payment of his fine and costs. Had the prisoner labored on the roads every work day since his sentence he would not have discharged his fine and costs at the rate allowed for each day of labor. It is not to be understood that a prisoner so sentenced can be held indefinitely awaiting the convenience of the county authorities to furnish him work on the roads. Such a construction of the statute would make the punishment harsh and unusual, and make the penalty disproportionate to the character and degree of the offense. But that is not the case at bar, and the observation is made, so that prisoners may not be held at county expense for long periods awaiting an opportunity to regain their liberty by discharging their fines and costs in the manner designated.

Another point is raised by counsel for the prisoner. The transcript of the justice's docket does not show that the justice included in his sentence that the prisoner should labor on the roads. The return, under oath, avers that such requirement was in fact included in the sentence, but not spread at large on the justice's docket. A demurrer and motion to quash the return is interposed and the return replied to generally, but not under oath. However, the statute above referred to and quoted (chap. 17, art. 15, sec. 1), is

mandatory in respect to working on the county-district roads, and in the absence of good cause entered on the record by the justice warranting omission of the mandatory and salutary requirement, as provided in sec. 2 of that article, the law will read into the sentence the humanitary provision for discharge of the fine and costs. It requires that all able-bodied persons over 16 years of age, so sentenced, shall work, unless there is good cause shown in the record relieving them therefrom.

The prisoner is not illegally deprived of his liberty, and the writ is refused.

*Writ refused.*