State *ex rel.* Delbert Mathews *v.* D. H. Stephenson,
*Sheriff*

(No. 7325)

Submitted April 20, 1932.   Decided April 26, 1932.

*J. Raymond Gordon,* for plaintiff in error.
*Wm. G. Brown,* for defendant in error.

Lively, Judge:

The circuit court of Kanawha county refused an appeal
from the judgment of the intermediate court in habeas corpus
proceedings wherein Delbert Mathews (who prosecutes error
here) sought his discharge from the custody of the sheriff
and jailer of Kanawha county.

Upon conviction of violating the prohibition laws, a sent-
ence of 30 days' imprisonment in the Kanawha county jail
and payment of a $100.00 fine, costs, and an enforcement fee
of $25.00 were imposed on Mathews on February 13, 1932.
He alleges that he has already served forty days in the county

jail, during which time there has been no attempt made by the sheriff or the county court to work him on the county roads or in the preparation of road materials, and that there is no road work in Kanawha county for any prisoners sentenced to its jail; and he says that having served his sentence of 30 days and an additional 10 days for failure to satisfy his fine and costs, he is entitled to discharge.

Respondent, in his answer, alleging lawful custody of Mathews by reason of the commitment, says that large sums of money have been expended in providing equipment, camps, etc., so that prisoners confined in the county jail may at justifiable seasons of the year be employed in road construction and in the preparation of materials therefore; that he is ready and willing to work the prisoner upon the public roads but is advised by the county court ''that it is not deemed expedient to work prisoners on the public roads during the winter months and during inclement weather''; and that, as keeper of the jail, he allows to persons incarcerated therein upon sentence requiring such persons to be worked upon the county road, the same rate as payment for their fines and costs when they are not worked upon the road as if they were so employed.

Testimony introduced upon the hearing before the intermediate court disclosed that prisoners confined in the county jail had not been employed in road work since January 12, 1932, because it was not profitable. A member of the county court testified that it was the policy of the court to employ the prisoners on road work during seasonable periods and that ''at this time we are operating a stone quarry with prison labor.'' So far as appears from the record, Mathews has not been requested to work on the county roads, nor in the preparation of road materials.

Under the provisions of 50-18-9, official Code, a justice may imprison the offender, upon conviction, for non-payment of the assessed fine and costs in the county jail for a period not exceeding ten days in addition to the term of imprisonment imposed for the offense; and, if the person committed is an able-bodied male over the age of 16 years, his sentence

must conform to the provisions of article 15, chapter 17, the pertinent portion of which is:

> "Whenever any able-bodied male person over the age of sixteen years shall be convicted of an offense punishable with confinement in the county jail, before any court or justice of the peace, and sentenced by such court·or justice to imprisonment in the county jail and to pay a fine and costs, he shall be sentenced by such court or justice of the peace to labor on the county-district roads of the county, or to labor in quarries or elsewhere in the preparation of materials for county-district roads, or both, under the direction of the county road engineer, or other representative of the county court having such work in charge, during the time of such imprisonment, and until such.. fine and costs are satisfied."

The statutory requirement that an able-bodied male person over sixteen years of age, confined in the county jail for non-payment of a fine should work on the county roads, presupposes the existence of such work and the call or request for his services. Where these are lacking, the provisions of chapter 17, article 15, Official Code, do not apply; and the provision of 50-18-9, Official Code, that the offender shall be confined· in the county jail for a period not exceeding ten days prevails. It was not the intention of the legislature that accrediting the amount of the fine imposed upon the prisoner with $1.50 per day for each day that the prisőner was confined but did not work should deprive him of his liberty beyond the ten-day period. While the statute is a means for the collection of fines and costs, in its execution it effects mutual benefits to the prisoner and to the county court. It permits the prisoner to escape, for a portion of the day, the inactivity within prison walls and affords him exercise; and from his useful toil, benefits accrue to the tax-paying public. In the instant case, the prisoner had not been furnished work. The reason therefore is that.it is impracticable to do so . There had been no work from sometime during January, 1932, until April 2nd, the date of the habeas corpus hearing. How soon he would be required to work does not

appear. As we observed in *State ex rel. Lee* v. *Conley*, 111 W. Va. 19, 160 S. E. 227: "It is not to be understood that a prisoner so sentenced can be held indefinitely awaiting the convenience of the county authorities to furnish him work on the roads." The case cited differs in its facts from the one now considered, for there the prisoner had been employed on county road work.

We are therefore of the opinion that the prisoner is illegally deprived of his liberty; and he will be discharged from custody.

*Prisoner discharged.*